IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ILENE SCORATOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 02: 08-cv-1576 |
| | ) |
| RICHARD SMITH, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA/ | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
| Additional Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is the MOTION TO DISMISS, with brief in support, filed by Additional Defendant, United States of America/United States Postal Service (*Document Nos. 11 and 12*), the BRIEF IN OPPOSITION filed by Original Defendant, Richard Smith (*Document No. 13*), and the REPLY BRIEF filed by Additional Defendant, United States of America/United States Postal Service (*Document No. 14*). For the reasons that follow, the Motion will be granted and the claims against the United States of America/United States Postal Service will be dismissed with prejudice. Additionally, this case will be remanded to the Court of Common Pleas of Allegheny County.

**Factual Background**

This case involves a February 28, 2006, automobile accident. Plaintiff, Ilene Scoratow ("Scoratow"), alleges that Richard Smith ("Smith") negligently entered her lane of travel, which

1

resulted in a collision between her vehicle and Smith's vehicle.  Smith, in turn, alleges that he entered Scoratow's lane of travel in an effort to avoid a United States Postal truck being driven by an employee of the United States Postal Service.  In his "Amended Complaint to Join the United States of America," Smith alleges that the United States is either solely liable to Plaintiff, jointly and severally liable to Plaintiff, and/or must indemnify Smith in the above-captioned action.

## Procedural Background

Scoratow initiated this action on February 27, 2008, by the filing of a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County against Smith.  On June 23, 2008, Smith filed a Praecipe for Writ to Join United States of America/United States Postal Service as Additional Defendants in the matter.  A representative of the United States Postal Service was served with the Writ on June 30, 2008.

On July 15, 2008, Scoratow filed a one-count Complaint in the Court of Common Pleas of Allegheny County, Civil Division, in which only Smith was named as a defendant.   Scoratow seeks monetary damages in excess of $25,000.  On August 1, 2008, Smith filed his Answer and New Matter.  Over three (3) months later, on October 27, 2008, Smith filed his "Complaint to Join the United States of America/United States Postal Service" as an "Additional Defendant."

On November 14, 2008, the United States removed the lawsuit to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, because the United States Postal Service, a named defendant, is an agency of the United States.

On December 18, 2008, the United States filed a Motion to Dismiss the Complaint to Join, on the ground that this Court lacks subject matter jurisdiction. On December 29, 2008, Smith filed an Amended Complaint,[1] which rendered moot the Motion to Dismiss.

On January 29, 2009, the United States filed a Motion to Dismiss the Amended Complaint filed by Smith, again arguing that this Court lacks subject matter jurisdiction. Smith filed a timely brief in opposition, to which the United States filed a Reply Brief. The Motion has been fully briefed and is ready for disposition.

**Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the subject matter jurisdiction of the court. A Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether the doctrine of derivative jurisdiction bars federal jurisdiction. *See Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922) (holding that the doctrine of derivative jurisdiction is a jurisdictional bar which deprives federal courts of subject matter jurisdiction).

**Discussion**

The United States of America moves to dismiss Smith's claims on the grounds that this Court lacks subject matter jurisdiction by virtue of the doctrine of derivative jurisdiction. The doctrine of derivative jurisdiction provides as follows:

> [If] the state court [is] without jurisdiction over either the subject-matter or the United States, the District Court [cannot] acquire jurisdiction over them by the removal. The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court

---

[1] Although Smith calls it an "Amended Complaint" it is in reality a "Third Party Complaint." Under Rule 14 of the Federal Rules of Civil Procedure, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).

3

acquires none, although it might in a like suit originally brought there have had jurisdiction.

*Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922).

To determine whether a federal court lacks subject matter jurisdiction by virtue of the doctrine of derivative jurisdiction, the threshold determination must be whether the state court, prior to removal, had jurisdiction of the subject matter or of the parties. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and §§ 2671, "is the exclusive waiver of sovereign immunity for tort against the United States, its agencies, and its employees acting within the scope of their employment." *Tornichio v. United States*, 263 F. Supp. 2d 1090, 1099 (N.D. Ohio). Section 1346(b) provides as follows:

> Subject to the provisions of chapter 171 of this title, the district courts . . . shall have <u>exclusive jurisdiction of civil actions on claims against the United States</u>, for money damages . . . for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (emphasis added)

In the case *sub judice,* Smith alleges that the vehicular accident in which he was involved was caused by the negligent or wrongful act of an employee of the United States Postal Service, who was acting within the scope of his employment. The language of the FTCA clearly indicates that federal district courts shall have exclusive jurisdiction of such claims. Therefore, the Court finds and rules that the state court lacked jurisdiction over the United States with respect to this claim, and under the doctrine of derivative jurisdiction, this Court did not acquire upon removal jurisdiction over the subject matter or the parties.

Smith contends that the removal by the United States under § 1442(a)(1) constitutes an improper removal, which contravenes the intentions of the FTCA, and the litigation could only

be removed properly under 28 U.S.C. § 1441. This argument can be summarily rejected as without merit. Section 1442(a)(1) expressly applies to removal by federal officers or agencies and states as follows:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof . . . .

In the instant case, the Court finds that the United States properly removed the litigation pursuant to 28 U.S.C. § 1442(a)(1) from the Court of Common Pleas of Allegheny County to the United States District Court for the Western District of Pennsylvania.

Although 28 U.S.C. § 1441(f) has limited the derivative jurisdiction doctrine, it appears from the "great weight of jurisprudence," that "the derivative jurisdiction doctrine is still viable with respect to cases removed pursuant to 28 U.S.C. § 1442(a)." *In re Katrina Canal Breaches Consolidated Litigation*, Civ. Action No. 05-4182, 2007 WL 1461036, *2 (E.D. La. May 16, 2007) (collecting cases).

In the instant case, the Court finds that the state court action was properly removed to the United States District Court pursuant to 28 U.S.C. § 1442(a)(1). Furthermore, the Court finds that because the state court lacked subject matter jurisdiction over Smith's claims against the United States /United States Postal Service, this Court simply did not acquire jurisdiction upon removal.

**Conclusion**

As discussed above, pursuant to the Federal Tort Claims Act, the state court lacked subject matter jurisdiction over Smith's claims brought against the United States and the United States Postal Service. Accordingly, because this case was removed pursuant to 28 U.S.C. § 1442(a)(1), this Court did not acquire jurisdiction upon removal. Smith's claims against the United States / United States Postal Service will be dismissed with prejudice, and the case will be remanded to the Court of Common Pleas of Allegheny County, Civil Division.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ILENE SCORATOW, | ) |
| Plaintiff, | ) |
| v. | ) 02: 08-cv-1576 |
| RICHARD SMITH, | ) |
| Defendant, | ) |
| v. | ) |
| UNITED STATES OF AMERICA/ <br> UNITED STATES POSTAL SERVICE, | ) |
| Additional Defendant. | ) |

## ORDER OF COURT

AND NOW, this 27th day of March, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Amended Complaint is **GRANTED** for lack of subject matter jurisdiction.

It is further **ORDERED** that this case is **REMANDED FORTHWITH** to the Court of Common Pleas of Allegheny County, Pennsylvania.

The Clerk of Court is directed to docket this case closed**.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:    Michael J. Colarusso, Esquire
       Koerner, Colarusso & Bloom
       Email: mcolarusso@kcblawyers.com

       Jason A. Hines, Esquire
       Summers, McDonnell, Hudock, Guthrie & Skeel, LLP
       Email: jhines@summersmcdonnell.com

       Christy C. Wiegand,
       Assistant U.S. Attorney
       Email: christy.wiegand@usdoj.gov